UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVONNIE WILTSHIRE ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| MANN BRACKEN, LLP ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Avonnie Wiltshire, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Avonnie Wiltshire, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a principal place of business in this District.

### III. PARTIES

4. Plaintiff, Avonnie Wiltshire, is an adult natural person residing at 514 Martin Forest Lane, Lawrenceville, GA 30045.

5. Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a Limited Liability Partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4660 East Trindle Road, Mechanicsburg, PA 17050.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff received a collection letter from Defendant dated July 7, 2009 with regard to an alleged consumer debt, namely a Capital One Bank, NA credit card. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

8. "**EXHIBIT A**" was Defendant's initial communication and included the Validation Rights Notice, which gave Plaintiff 30 days to submit a written dispute and request verification and/or validation of the alleged debt.

9. Plaintiff exercised her right to dispute the alleged debt and request verification by sending Defendant a letter dated August 5, 2009. See a copy of letter appended hereto and marked "**EXHIBIT B**".

10. Plaintiff sent "**EXHIBIT B**" via USPS overnight Express Mail on August 6, 2009, which was received by Defendant on August 7, 2009. See Express Mail receipt and tracking confirmation appended hereto and marked "**EXHIBIT C**".

11. In complete disregard for Plaintiff's dispute letter and in violation of the FDCPA, Defendant sent Plaintiff a "Notice of Intent to Sue" on or about August 12, 2009. See a copy of the notice appended hereto and marked "**EXHIBIT D**".

12. Additionally, "**EXHIBIT D**" attempted to solicit and coerce payment from Plaintiff by informing her that if she wished to avoid litigation with regard to the alleged debt; she should contact Defendant's office to resolve same.

13. Defendant was required to cease all further collection activity of the alleged debt until such time that the debt could be validated. Defendant continued collection activity and thereby, violated the FDCPA.

14. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, e, e(2), e(5), e(10), e(11), f, f(1) and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mann Bracken, LLP, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: September 2, 2009

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff